1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  LINDA SHORTER,                      No. 2:10-cv-02232-MCE-GGH

12          Plaintiff,

13      v.                              <u>MEMORANDUM AND ORDER</u>

14  PEACHES UNIFORMS, INC.,

15          Defendant.

16                         ----oo0oo----

17      Presently before the Court is a Motion by Defendant Peaches

18  Uniforms, Inc. ("Defendant") to dismiss Plaintiff Linda Shorter's

19  ("Plaintiff") claims pursuant to Federal Rule of Civil Procedure[1]

20  12(b)(2) for lack of personal jurisdiction or, in the

21  alternative, dismiss for improper venue pursuant to

22  Rule 12(b)(3).  In the event the Court finds jurisdiction and

23  venue proper, Defendant requests this Court transfer the case to

24  the Northern District of Texas, Dallas Division, pursuant to

25  28 U.S.C. § 1404(a).  For the reasons set forth below,

26  Defendant's Motion is denied.

27  ──────────────

28      [1] All further references to "Rule" or Rules" are to the
    Federal Rules of Civil Procedure unless otherwise noted.

                              1

**BACKGROUND**

Defendant, a Texas corporation operating out of Dallas, is a leading provider of women's medical uniforms and scrubs.  In 1987, Plaintiff began working for Defendant in Dallas.  She continued to work in Dallas until 1994, at which time she requested to work from home so she could move to Iowa.  In 2007, Plaintiff sought and received Defendant's permission to move to California and continue working from home.  In both cases, Plaintiff's reasons for relocating were unrelated to her duties as Defendant's employee.

Upon moving to Lodi, California, Plaintiff received a bonus from Defendant, which she used as a down payment on a home. Defendant also wrote an employment verification letter to Plaintiff's mortgage company, which stated that Plaintiff would continue to be employed in the same position and at the same rate of pay.  Notwithstanding the bonus and the letter, approximately seven months after Plaintiff moved to California, Defendant called Plaintiff and terminated her employment.

Although Defendant's operations are primarily based out of Dallas, Defendant sells goods in California, and in 2007 sold approximately $1.5 million in goods in the state.  Rather than operate stores in California, Defendant only sold its products at wholesale to retailers.  Defendant also advertises its goods in California.  According to Plaintiff, Defendant placed advertisements on billboards, automobiles, and in magazines circulated around the state of California.

///

2

1    Although Defendant did not have any offices in California,

2  it did have multiple employees residing in California.  The

3  parties disagree about the number of employees living in the

4  state, but it is undisputed that, in addition to Plaintiff, at

5  least one other employee lived in California at the time of

6  Plaintiff's termination.  Similar to Plaintiff, this employee was

7  not required to live in California.

8    Plaintiff brought the current action against Defendant,

9  alleging breach of contract, breach of the covenant of good faith

10 and fair dealing, detrimental reliance, wrongful termination in

11 violation of public policy, intentional misrepresentation, and

12 slander.  Plaintiff's slander claim is based on statements

13 Defendant made to its competitors and vendors in California.

14 Defendant allegedly told competitors and vendors that Plaintiff

15 was a partner in the company, had a non-compete agreement with

16 Defendant, and that Plaintiff was responsible for Defendant's

17 decline in revenue.  Defendant now moves to dismiss all claims on

18 grounds that the Court lacks personal jurisdiction over Defendant

19 and the Eastern District of California is an improper venue.

20 Alternatively, Defendant requests that the matter be transferred

21 to the Northern District of Texas.

22

23                              **STANDARD**

24

25    A party may seek dismissal of a claim for lack of personal

26 jurisdiction under Rule 12(b)(2).  The burden of establishing

27 personal jurisdiction rests with the plaintiff.  <u>Boschetto v.</u>

28 <u>Hansing</u>, 539 F.3d 1011, 1015 (9th Cir. 2008).

                                  3

1  If the court decides a Rule 12(b)(2) motion without conducting an
2  evidentiary hearing, the plaintiff need only make a prima facie
3  showing of the facts in support of personal jurisdiction. <u>Tuason</u>
4  <u>v. R.J. Reynolds Tobacco Co.</u>, 433 F.3d 1163, 1168 (9th Cir.
5  2006).  In deciding whether a prima facie showing has been made,
6  a court need only consider the pleadings and any submitted
7  affidavits.  <u>Baschetto</u>, 539 F.3d at 1015.  All uncontroverted
8  allegations are taken as true, and "[c]onflicts between the
9  parties over statements contained in affidavits must be resolved
10 in the plaintiff's favor."  <u>Schwarzenegger v. Fred Martin Motor</u>
11 <u>Co.</u>, 374 F.3d 797, 800 (9th Cir. 2004).

12     Where there is no federal statute governing personal
13 jurisdiction, courts apply the long arm statute of the state in
14 which the court sits is applied.  <u>Baschetto</u>, 539 F.3d at 1015.
15 The applicable California statute allows the exercise of
16 jurisdiction to the full extent permitted by federal
17 constitutional due process.  <u>Id.</u>  As a result, "the
18 jurisdictional analyses under state law and federal due process
19 are the same."  <u>Schwarzenegger</u>, 374 F.3d at 801.  Due process
20 requires that the nonresident defendant have certain "minimum
21 contacts" with the forum, such that the exercise of jurisdiction
22 does not offend traditional notions of fair play and substantial
23 justice.  <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945).
24 ///
25 ///
26 ///
27 ///
28 ///

4

**ANALYSIS**

Plaintiff seeks redress for, among other things, breach of contract, wrongful termination, detrimental reliance, and slander.  The issue presently before the Court is whether it may properly exercise personal jurisdiction over Defendant.  In the event the Court finds jurisdiction proper, Defendant moves to dismiss for improper venue or, in the alternative, to transfer venue to the Northern District of Texas.

**A.   Personal Jurisdiction**

There are two different forms of personal jurisdiction from a due process perspective, general and specific.  Boschetto, 539 F.3d at 1016.  Plaintiff contends that both forms permit this Court to exercise personal jurisdiction over Defendant.

Although the Court may not exercise general jurisdiction over Defendant[2], Plaintiff has made a prima facie showing for specific jurisdiction.  In the Ninth Circuit, a three prong test must be satisfied prior to a court exercising specific jurisdiction over a defendant.  Under this test:

_____

[2] A court has general jurisdiction over a non-resident defendant when the defendant's contacts with the forum are "substantial" or "continuous and systematic."  Bancroft, 223 F.3d at 1086.  The standard for establishing general jurisdiction is an exacting standard that requires the defendant's contacts to approximate physical presence in the forum state. Schwarzenegger, 375 F.3d at 801.  While Defendant has some contacts with California, these contacts are not systematic and continuous, and clearly do not approximate a physical presence in the state.  Defendant does business with California, not in California.  See Bancroft, 223 F.3d at 1086.

5

(1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its law;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice.

Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting Schwarzenegger, 374 F.3d at 802).  The plaintiff has the burden of establishing the first two prongs. Boschetto, 593 F.3d at 1016.  If the first two prongs are satisfied, the burden shifts to the defendant, who is required to put on a "compelling case" demonstrating that the exercise of jurisdiction would be unreasonable.  Id.

### 1.   Purposeful Availment

The first prong of the test for specific jurisdiction may be satisfied in two different ways.  Under the first, which is commonly called the purposeful availment standard, Defendant must have purposefully availed himself of the privilege of conducting business in the forum state.  Boschetto, 539 F.3d. at 1016.  "The requirement of 'purposeful availment' is based on the presumption that it is reasonable to require a defendant who conducts business and benefits from his activities in a state to be subject to the burden of litigating in that state as well." Brainerd v. Governors of the Univ. of Alberta, 873 F.2d 1257, 1259 (9th Cir. 1989).

1    The second manner is through "purposeful direction."  In
2  determining where there has been purposeful direction, courts
3  utilize the "Calder Effects" test, which was promulgated in the
4  Supreme Court's decision in <u>Calder v. Jones</u>, 465 U.S. 783 (1984).
5  <u>See</u> <u>Brayton Purcell</u>, 606 F.3d at 1128.  To satisfy the Calder
6  Effects test, "the defendant allegedly must have (1) committed an
7  intentional act, (2) expressly aimed at the forum state,
8  (3) causing harm that the defendant knows is likely to be
9  suffered in the forum state."  <u>Id.</u> (quoting <u>Yahoo! Inc v. La</u>
10 <u>Ligue Contre Le Racisme Et L'Antisemitisme</u>, 433 F.3d 1199, 1206
11 (9th Cir. 2006).

12    In the instant case, Plaintiff has satisfied the purposeful
13 direction standard, not the purposeful availment standard.
14 Defendant is alleged to have committed an intentional tort.
15 Defendant told other individuals working in the industry, in
16 California, that Plaintiff was a partner in the company and had
17 signed a non-compete agreement.  (Decl. Linda Shorter, ¶ 10.)
18 Although Defendant denies this conduct, Defendant does not deny
19 communicating to the same people that Plaintiff was responsible
20 for the company's loss of business.  (Supplemental Decl. Barry
21 Rothschild, 2.)

22    Taking uncontroverted allegations as true, and construing
23 conflicts between the facts in the parties affidavits in
24 Plaintiff's favor, Plaintiff has established that Defendant
25 purposefully directed its activities at California.
26 Communicating the defamatory statements to individuals working in
27 the medical apparel industry was an intentional act on
28 Defendant's part.

Furthermore, the statements were made to individuals in California, and they concerned Plaintiff, a California resident. Lastly, Defendant knew that these statements would harm Plaintiff in her resident state.  Communicating such statements to others in the industry in which Plaintiff has worked for more than twenty years would likely inhibit Plaintiff's ability to find future employment in California.  Because Defendant's statements were an intentional act, expressly aimed at the forum, which Defendant knew would cause harm to Plaintiff in California, Plaintiff has met her burden of establishing the first prong.

## 2.   Arises Out of Forum-Related Activities

Under the second prong of the specific jurisdiction test, "the contacts constituting purposeful availment must be the ones that give rise to the current suit." Bancroft, 223 F.3d at 1088. The "but for" test is utilized for determining whether this prong is met. Id.  In this case, but for Defendant communicating to members of the medical apparel industry that Plaintiff was a partner of the company, that she had entered into a non-competition agreement, and that she was responsible for Defendant's decline in revenue, Plaintiff's cause of action for slander would not have arisen.  Plaintiff has satisfied the "arises out of" prong.

///
///
///
///

8

### 3.   Reasonableness

The last prong for specific jurisdiction is reasonableness. "For jurisdiction to be reasonable, it must comport with fair play and substantial justice." Id.  The burden is on the Defendant to put forward a compelling case that the exercise of jurisdiction is unreasonable. Tuazon v. R.J Reynolds Tobacco Co., 443 F.3d 1163, 1175 (9th Cir. 2006).  In determining reasonableness, a court must consider seven factors.  These factors are:

> 1) the extent of the defendant's purposeful interjection into the forum state, 2) the burden on the defendant in defending in the forum, 3) the extent of the conflict with the sovereignty of the defendant's state, 4) the forum state's interest in adjudicating the dispute, 5) the most efficient judicial resolution of the controversy, 6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and 7) the existence of an alternative forum.

Bancroft, 223 F.3d at 1088.

First, purposeful interjection does not weigh in either parties' favor.  The purposeful interjection factor is given no weight where "it is shown that the defendant purposefully directed its activities to the forum state." Corporate Inv. Bus. Brokers v. Melcher, 824 F.2d 786, 790 (9th Cir. 1987).  As already noted, Defendant's defamatory statements were purposefully directed at California.

The second factor courts consider is the burden on the defendant in defending in the forum.  Defendant contends that litigating the case in California would create a substantial burden.  This factor will typically weigh in favor of a defendant who is a non-U.S. resident.  See Tuazon, 443 F.3d at 1175.

1  Under those circumstances, "[t]he unique burdens placed upon one

2  who must defend oneself in a foreign legal system should have

3  significant weight in assessing the reasonableness of stretching

4  the long arm of personal jurisdiction over national borders."

5  Id. (quoting Asahi Metal Indus. Co. v. Superior Court, 480 U.S.

6  102, 114 (1987)).  Here, defending itself in California will not

7  subject Defendant to a foreign legal system.  Although traveling

8  to California to litigate the matter will create some burden,

9  "with the advances in transportation and telecommunications and

10  the increasing interstate practice of law, any burden is

11  substantially less than in days past."  Menken v. EMM, 503 F.3d

12  1050, 1060 (9th Cir. 2007) (quoting CE Distribution, LLC v. New

13  Sensor Corp., 380 F.3d 1107, 1112 (9th Cir. 2004)).  Because

14  defending the matter in a forum distant from Defendat's principal

15  place of business would create a minor burden, this factor only

16  weighs slightly in Defendant's favor.

17      The third factor examines potential conflicts between

18  California and Texas.  Defendant contends that this factor weighs

19  heavily in its favor because great differences exist between

20  California law and Texas law.  Defendant argues that requiring it

21  to defend against causes of action that do not exist in Texas[3]

22  will undermine the state's public policy in promoting at-will

23  employment.

24  ///

25  ///

26

27      [3] According to Defendant, wrongful termination in violation
   of public policy, duty of good faith and fair dealing in
   employment contracts, and implied terms in employment contracts
28  are not recognized causes of action in Texas.

10

1  A conflict between fundamental social policies between different

2  states, however, is better handled through a choice-of-law

3  analysis.  Tuazon, 433 F.3d at 1177.  This factor does not weigh

4  in favor of either party.

5      The fourth factor is concerned with California's interest in

6  adjudicating the matter.  California "has a strong interest in

7  protecting its residents from torts that cause injury within the

8  state, and providing a forum for relief." Menken, 503 F.3d at

9  1060 (quoting Brainerd, 873 F.2d at 1260).  Plaintiff is a

10 resident of California.  Thus, this factor weighs in her favor.

11     Under the fifth factor, the court evaluates the efficiency

12 of resolution in the forum.  Defendant argues that Texas is the

13 most efficient forum because all evidence and witnesses are in

14 Texas.  While witnesses and evidence for Plaintiff's contract

15 related claims may be located in Texas, witnesses and evidence

16 for Plaintiff's slander claim are alleged to be present in

17 California.  Because witnesses and evidence are located in both

18 California and Texas, neither state is clearly more efficient

19 than the other.  See Menken, 503 F.3d at 1061.  This factor is

20 also neutral.

21     The sixth factor weighs the importance of Plaintiff

22 receiving a convenient and effective resolution.  In the Ninth

23 Circuit, "the plaintiff's convenience is not of paramount

24 importance." Id. (quoting Dole Food Co., Inc. v. Watts, 303 F.3d

25 1104, 1116 (9th Cir. 2002)).  It is easy for Plaintiff to

26 litigate this matter in the forum state in which she resides–

27 California.

28 ///

1    A greater burden would be placed on Plaintiff if she was forced

2    to travel to Texas to assert her claims.  This factor, although

3    given little weight, tilts in Plaintiff's favor.

4         The last factor is the availability of an alternative forum.

5    The plaintiff bears the burden of establishing that there is no

6    alternative forum.  <u>See</u> <u>Menken</u>, 503 F.3d at 1061.  Here,

7    Plaintiff does not dispute that Texas is an alternative forum.

8    Because an alternative forum is available, this factor weighs in

9    favor of Defendant.

10        Upon considering all factors, the balance does not favor

11   Defendant.  Because Plaintiff made a prima facie showing of facts

12   satisfying the first two prongs, Defendant has the burden to put

13   forward a compelling case that the exercise of jurisdiction is

14   unreasonable, which it failed to do.  Accordingly, the Court may

15   properly exercise personal jurisdiction over Defendant.

16   Defendant's Motion to Dismiss Plaintiff's claims for lack of

17   personal jurisdiction is denied.

18

19        **B.    Motion to Dismiss for Improper Venue**

20

21        Defendant contends that the Eastern District of California

22   is an improper venue for Plaintiff to bring her claims.  Because

23   subject matter jurisdiction is based solely on diversity of

24   citizenship, 28 U.S.C. § 1391(a) governs venue.  Section 1391(a)

25   states that venue is proper in "a judicial district where any

26   defendant resides, if all defendants reside in the same State."

27   ///

28   ///

For purposes of venue, a corporation resides in any district in which it is subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391(c).  Where a state has more than one district, a corporation defendant is deemed to reside in any district in which it would be subject to personal jurisdiction based on its contacts with that district.  Id.

Here, Defendant is subject to personal jurisdiction in the Eastern District of California.  The contacts that provided the grounds for personal jurisdiction in California were not generally aimed at California, but specifically targeted Plaintiff, who resides in Lodi, California.  Lodi is part of the Eastern District of California.  Based on this Court's personal jurisdiction analysis, Defendant is a resident of the Eastern District of California, pursuant to Section 1391(c).  Because Defendant resides in this District and is the only defendant, the Eastern District of California is a proper venue. See 28 U.S.C. § 1391(a).

### C.    Motion to Transfer Venue

A court may transfer a civil action to another district where the matter may have properly been brought for the convenience of the parties or in the interest of justice. 28 U.S.C. § 1404(a).  In deciding whether to transfer a matter to another district, a court must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum.  See Decker Cole Co. v. Commonwealth Edison Co., 805 F.2d 805, 843 (1986).

1  "The defendant must make a strong showing of inconvenience to

2  warrant upsetting the plaintiff's choice of forum."  Id.

3      Defendant does not provide any additional arguments to

4  support its contention that the case should be transferred to the

5  Northern District of Texas.  Instead, Defendant essentially relies

6  on the same arguments made in support of its assertion that this

7  Court's exercise of personal jurisdiction over Defendant is

8  unreasonable.  As already stated, the unreasonableness factors did

9  not strongly weigh in Defendant's favor.  Because Defendant failed

10 to satisfy its burden of making a strong showing of inconvenience,

11 Plaintiff's choice of forum will not be disturbed.  Defendant's

12 motion to transfer venue is denied.

13

14                          **CONCLUSION**

15

16      For the reasons set forth above, Defendant's Motion to

17 Dismiss and, in the alternative, Motion to Transfer (ECF 4.) is

18 DENIED.[4]

19

   Dated: December 7, 2010

20

21

22                          _____
                            MORRISON C. ENGLAND, JR.
23                          UNITED STATES DISTRICT JUDGE

24

25

26

27    [4] Because oral argument will not be of material assistance
   the Court deemed this matter suitable for decision without oral
28 argument.  E.D. Cal. Local Rule 230(g).

                                14