UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LINDA SHORTER,                           No. 2:10-cv-02232-MCE-GGH

    Plaintiff,

  v.                                     MEMORANDUM AND ORDER

PEACHES UNIFORM, INC.,

    Defendant.

----oo0oo----

Before the Court is Defendant Peaches Uniforms, Inc.'s ("Peaches") Motion to Apply Texas Law (ECF No. 30). For the reasons that follow, the motion is granted.

**BACKGROUND**

Linda Shorter ("Shorter") was employed by Peaches, a Texas corporation as an at-will employee under an oral employment agreement from 1987 until her termination on May 29, 2008.
///
///

1

(See Peaches' Reply, ECF No. 38 at 5; Shorter's Opp., ECF No. 37, at 2-3; Shorter Decl., ECF No. 37-1 at 2.)[1]  Shorter was promoted to be Vice President of Merchandising and Design in 1994 and held that title until the time of her termination.  (Shorter Decl., ECF No. 37-1 at 2.)  In 1994, Shorter moved to Illinois for personal reasons and later moved to Iowa and then, in 2007 to California and worked out of her home.  (Id.; Peaches' Brief in Support of its Motion to Apply Texas Law "Peaches' Brief", ECF 32 at 12-13.)  Although these moves were unrelated to her job, Peaches permitted Shorter to continue her work from these locations.  (Id.)  Peaches does not have an office, own real property, or have a bank account in California.  (Peaches' Brief at 12.)  Although Peaches does business in California, Shorter did not have any responsibility for the business done in California and continued to submit her work to the Peaches' Texas office.  (Shorter Decl. at 2; Peaches' Brief at 12-13.)

   In May, 2010, Shorter filed a wrongful termination lawsuit in the San Joaquin County Superior Court and Peaches thereafter removed on the basis of diversity jurisdiction.  (See ECF No 1, Notice of Removal; ECF No. 1-1 (Compl.).  In her Complaint, Shorter brings state law causes of action for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) detrimental reliance; (4) wrongful termination in violation of public policy; (5) intentional misrepresentation; (6) defamation and slander.  (Compl., ECF No. 1-1.)
///

---

[1] All page references will be to the ECF page numbers.

Peaches thereafter filed the instant Motion to Apply Texas law (ECF No. 30), which Shorter opposes. Peaches generally contends that Texas law is appropriate here because: (1) the laws of Texas and California differ for each of Shorter's causes of action; (2) Texas has the greater interest in having its law applied in this case; and (3) Texas's interests would be more impaired if its law were not applied. (See, Peaches' Brief, ECF 32.) Peaches concedes that California law and Texas law are the same as to Shorter's (1) detrimental reliance, and (2) defamation. In general, Shorter argues that Peaches has significant business dealings with California, that the relevant laws are not materially different, and California's interests will be more impaired if its laws are not applied. (Opp., ECF, 37.)

**STANDARD**

Federal courts sitting in diversity apply the law of the forum state when making choice of law determinations. <u>Hoffman v. Citibank (South Dakota), N.A.</u>, 546 F.3d 1078, 2082 (9th Cir. 2008) (citation omitted). California's choice of law framework is set forth in Restatement § 187(2) and in <u>Nedlloyd Lines B.V. v. Superior Court</u>, 3 Cal.4th 459 (Cal. 1992).

In the absence of a choice of law agreement between the parties, as was the case here, California applies a three-part test, known as the "governmental interest approach" to determine choice of law in the absence of an effective choice-of-law agreement.

3

See Wash. Mut. Bank v. Superior Court, 24 Cal.4th 906, 915-22 (2001).  The governmental interest approach requires:

> (1) determining if the foreign law "materially differs" from California law; (2) and if so, next determining each respective state's interest in application of its law; (3) and finally, if the laws materially differ and both states have an interest in the litigation, selecting the law of the state whose interest would be "more impaired" if its law were not applied.

Id.

**ANALYSIS**

**A.   Texas and California Law Materially Differ**

Peaches contends that the law underlying each of Shorter's causes of action materially differs between Texas and California. (ECF 32 at 6-11.)  Shorter argues the laws between the two states are either exactly the same or not materially different.  (ECF 37 at 4-6.)

**1.   Breach of Implied Employment Contract**

Shorter contends that there was an implied agreement with Peaches not to discharge her except for cause.  Citing a single Texas case, Goodyear Tire and Rubber Co. v. Portilla, 879 S.W. 2d 47 (Tex. 1994), she contends that Texas and California law regarding breach of implied employment contracts are exactly the same.  (Opp. at 5.)

///
///

4

Peaches, however, contends that there was no such implied agreement and that California law permits a wider range of conduct to create an employment implied contract than Texas, which requires express conduct to create such a contract. (Peaches' Brief at 7-10).

The Court concludes that Texas and California law regarding breach of implied employment contracts are materially different. Although there is a presumption of "at will" employment in California, an employer may indicate, by words or conduct, that seniority and longevity do protect an employee against discharge without cause. See, e.g., Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 342-43 (Cal. 2000). Texas, on the other hand, is far stricter about finding an implied agreement that modifies the at-will presumption. See Safeshred, Inc. v. Martinez, 365 S.W. 3d 655, 660 (Tex. 2012.) (noting that the at-will employment relationship cannot form the basis for the promise of continuing employment as such a promise would be illusory); Brown v. Sabre, Inc., 173 S.W.3d 581, 585 (Tex. App. 2005) ("Any modification of an employee's at-will employment status must be based on expressed, rather than implied, agreements that are clear and specific.").

### 2. Implied Covenant of Good Faith and Fair Dealing

Shorter asserts that both California and Texas imply a covenant of good faith and fair dealing into every contract. (Opp. at 5.) Peaches contends that Texas does not imply such a duty into every contract. (Peaches' Brief at 10-11.)

5

Peaches is correct. In California, a covenant of good faith and fair dealing is implied by law in all contracts. See, e.g., Foley v. Interactive Data Corp., 47 Cal. 3d 654, 683-684 (Cal. 1988). However, "Texas does not recognize a fiduciary duty or a duty of good faith and fair dealing owed by an employer to an employee." Beverick v. Koch Power, Inc., 186 S.W. 3d 145, 153 (Tex. App. 2005) (citing City of Midland v. O'Bryant, 18 S.W. 3d 209, 216 (Tex. 2000) (holding that there is no duty of good faith and fair dealing in the employment context).

### 3. Wrongful Termination

Without any citation to authority, Shorter contends that the law of wrongful termination in California and Texas are the same, although she concedes that "[t]he only difference between the states' laws on this issue is that Texas does not have a Tameny cause of action wherein an employee can bring a common law claim based on a violation of public policy rooted in the California Constitution's prohibition of discrimination in employment," but she contends this is not a substantive difference. (Opp. at 4-5.) Peaches contends that the Tameny cause of action is a substantive difference between the two states.

Again, the Court concludes that Peaches is correct. As noted above, California employees are generally terminable-at-will, but the Tameny exception provides that "(A)n employer's traditional broad authority to discharge an at-will employee may be limited by statute or by considerations of public policy."
///

Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167, 172, 164 (Cal. 1980).  No such public policy exception to at-will employment exists in Texas.  The rule in Texas is that absent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will "for good cause, bad cause, or no cause at all."  See Dworschak v. Transocean Offshore Deepwater Drilling, Inc., 352 S.W. 3d 191, 196 (Tex. App. 2011) (citing Montgomery County Hosp. Dist. v. Brown, 965 S.W. 2d 501, 502 (Tex. 1998).  California's Tameny public policy exception to at-will employment constitutes a material difference between the laws of California and Texas because it opens an avenue for various causes of action that could not survive under Texas law.

### 4.   Intentional Misrepresentation

Peaches states that Texas does not have a statute that is similar to California's intentional misrepresentation statute, Cal. Labor Code § 1050, at issue here.[2]  (Peaches' Brief at 11.) The closest cause of action in Texas would be for defamation, but would not give rise to either criminal liability or treble damages, as California's statute would.

---

[2] Cal. Labor Code § 1050 provides:

Any person, or agent or officer thereof, who, after having discharged an employee from the service of such person or after an employee has voluntarily left such service, by any misrepresentation prevents or attempts to prevent the former employee from obtaining employment, is guilty of a misdemeanor.

7

(Id. citing Randall's Food Mkts. v. Johnson, 891 S.W. 2d 640 (Tex. 1995)). Shorter argues that Peaches concedes that defamation actions are the same in Texas and California, therefore there is no material difference. (Opp. at 5-6.)

The Court concludes that even if Texas's defamation cause of action is the closest similar cause of action to the California statute for intentional misrepresentation, California's criminal liability and treble damages provisions are materially different from what is available under Texas law.

**B.   Texas and California's Interests**

As discussed in the "Background" section: Peaches is a Texas corporation and its employee, Shorter, resides in California. Shorter's move to California was unrelated to her employment as an at-will employee for Peaches, she submitted her work to Peaches' Texas office, and there is no indication that any of her work related to Peaches' business activities in California. Peaches contends that these facts support the conclusion that Texas has the greater interest in having its laws apply to Shorter's claims. (Peaches' Brief at 11-12.)
///
///
///
///
///
///
///

8

Shorter argues that California law should apply because the injury (her termination) occurred in California[3] and she argues that California has the greater interest in protecting its residents in the employment context.

Because the Court concludes that the relevant laws of Texas and California are materially different, an actual conflict exists. Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1187 (9th Cir. 2001) (citing Wash. Mut. Bank v. Superior Court, 24 Cal. 4th 906, 919-20 (Cal. 2001)) (if the court "finds the laws are materially different, it must proceed to the second step and determine what interest, if any, each state has in having its own law applied to the case"). In determining each state's interests, a court examines the relevant contacts, which "are to be evaluated according to their relative importance with respect to the particular issue" include: (1) the place of contracting; (2) the place of negotiating the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties." Restatement (Second) of Conflicts of Laws § 188; see also Kasel v. Remington Arms Co., 24 Cal. App.3d 711, 731 (Cal. Ct. App. 1972).

///
///

---

[3] It is not clear what the factual basis is for Shorter's contention that the injury occurred in California. Neither the briefs nor the Complaint appear to indicate any details about her termination. Assuming she was terminated during the course of a phone call, or by other electronic means, while she was in California (again, this is not apparent), Shorter has provided no legal basis for the Court to conclude that the injury "occurred" in California.

9

1  Here, the Court concludes that the relevant contacts
2 overwhelmingly favor the conclusion that Texas has the greater
3 interest in having its law applied.  Texas was where the oral
4 employment contract was negotiated and formed, as well as the
5 headquarters for Peaches and the location where Shorter submitted
6 her work.  The only connection to California is Shorter's
7 residence, which is otherwise unrelated to her employment.
8 Having concluded that the relevant laws are materially different
9 and that Texas has the greater interest in having its laws
10 applied, the Court turns to the final governmental interest
11 factor and considers whether Texas's interests would be more
12 impaired if its laws were not applied.  Zinser, 253 F.3d at 1187
13 ("Only if the trial court determines that the laws are materially
14 different and that each state has an interest in having its own
15 law applied, thus reflecting an actual conflict, must the court
16 take the final step and select the law of the state whose
17 interests would be 'more impaired' if its law were not applied")
18 (citing Wash. Mut. Bank, 24 Cal. 4th at 919–20)).

**C.   Texas's Interests Would be "More Impaired"**

"Where there is a 'true conflict,' California law, the applicable law of the forum, requires that the court conduct a "comparative impairment' analysis."  Engel v. CBS Inc., 981 F.2d 1076, 1081 (9th Cir. 1992).  Both Texas and California have an interest in protecting its citizens' employment rights, but the relevant laws at issue here governing those rights are materially different.

10

On balance, Texas's interest in applying its laws weighs heavily in its favor because virtually every relevant contact is with Texas and the only connection to California is Shorter's residence.  Specifically, (1) Peaches is a Texas corporation, (2) Shorter's employment agreement was formed and performed in Texas until she moved out of Texas for personal reasons, (3) Shorter's work was submitted to her supervisors in Texas, and (4) Shorter's work was unrelated to any particular business that Peaches was engaged in in California.  Therefore, only Shorter's residence weighs in favor of applying California law.

Furthermore, Texas has a strong interest in the application of its employment laws in employment disputes involving its residents, particularly where, as here, California's laws materially conflict with the Texas laws at issue.  This is particularly true because the dispute is unrelated to the plaintiff's California residence and turns entirely on an employment agreement formed in Texas for a Texas company for whom the Plaintiff worked remotely and sent her work to Texas.

In sum, the Court concludes that the relevant Texas and California laws materially conflict, that Texas has the greater interest in this case, and that Texas would be more impaired if its laws were not applied to this dispute.  Therefore, Peaches' Motion to Apply Texas Law (ECF No. 30) is granted.

///
///
///
///
///

**CONCLUSION**

For the reasons set forth above, Peaches' Motion to Apply Texas Law (ECF No. 30) is GRANTED.

IT IS SO ORDERED.

Dated: September 5, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

12