UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SHORTER, | No. 2:10-cv-02232-MCE-GGH |
| Plaintiff, | |
| v. | |
| PEACHES UNIFORMS, INC., | **ORDER** |
| Defendant. | |

----oo0oo----

Presently before the Court is Plaintiff's Motion to Modify the Pretrial Scheduling Order ("PTSO"). (ECF No. 52.) Plaintiff seeks this modification to continue the current deadline for completion of discovery to December 21, 2012, and to continue the hearing on Defendant's Motion for Summary Judgment until after discovery has closed. (ECF No. 52, at 4, 7.) Pursuant to the current PTSO, the deadline to complete discovery is September 28, 2012, and the deadline to hear dispositive motions is November 15, 2012. (ECF Nos. 25, 36.) For the reasons set forth below, Plaintiff's Motion is denied.[1]

Generally, the Court is required to enter a pretrial scheduling order within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b).

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

1 The scheduling order "controls the subsequent course of the action" unless modified by
2 the Court. Fed. R. Civ. P. 16(d). Orders entered before the final pretrial conference may
3 be modified upon a showing of "good cause." Fed. R. Civ. P. 16(b); Johnson v.
4 Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause'
5 standard primarily considers the diligence of the party seeking the amendment."
6 Johnson, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated:

> A district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

12 Id. (citations omitted). Plaintiff has not established the requisite good cause.
13    First, Plaintiff argues that the PTSO modification is necessary because, at the
14 time the Court set the current discovery cut-off date, Plaintiff "reasonably could not have
15 foreseen that Texas law would apply to her claims or that other discovery would be
16 necessary to oppose defendant's motion for summary judgment." (ECF No. 52, at 5.)
17 Plaintiff's reasoning is unavailing. As the Court found in its Order granting Defendant's
18 Motion to Apply Texas Law, Defendant is a Texas corporation which had employed
19 Plaintiff from 1987 until 2008. (ECF No. 40, at 1.) In 1994, Plaintiff moved to Illinois and
20 later moved to Iowa and then, in 2007, to California and worked out of there remotely.
21 (Id. at 2.) Plaintiff's moves were not related to her job, but Defendant permitted Plaintiff
22 to continue her work from these locations. (Id.) Given the obvious issue of which
23 forum's law should apply when a Texas company permits its employee to work remotely
24 from California, Plaintiff should have reasonably anticipated that Texas law might govern
25 this dispute when she filed her wrongful termination lawsuit in May 2010.
26 ///
27 ///
28 ///

Further, in the parties' Joint Status Report filed on May 3, 2011, Defendant explicitly expressed its position that "the application of California law to [Plaintiff's] employment is improper" because Plaintiff's move to California was not related to her employment with Defendant, and because Plaintiff was not employed by Defendant to work in California. (ECF No. 23, at 3.) Accordingly, Plaintiff should have reasonably anticipated in May 2011, more than one year prior to the current discovery cut-off date, that Texas law might govern this action. Finally, Defendant's Motion to Apply Texas Law (ECF No. 30), filed more than five months before the current discovery cut-off date, unquestionably should have put Defendant on notice that she needed to evaluate her discovery strategies in light of the possibility that Texas law might apply.

Plaintiff further argues that the Court should modify the PTSO because Plaintiff "reasonably could not have predicted . . . that she would not be able to take depositions of Defendant's corporate representative until less than two months before the discovery cut-off and that she would need to take the depositions of two other key witnesses." (ECF No. 52, at 5.) Plaintiff seeks to depose two non-expert witnesses, Deena Chacon-Jerotz and Jarrod Jerotz. (Id. at 2-3.) Plaintiff has not shown that she was diligent in obtaining the allegedly necessary discovery. To the contrary, Plaintiff had not conducted a single deposition from the time the Court entered its first scheduling order on June 28, 2011, until May 2012, when she noticed a deposition of Defendant's Person Most Knowledgeable.

Plaintiff argues that, after taking the deposition of Defendant's corporate representative on August 2, 2012, she learned that "more discovery was warranted" and served deposition notices for Deena Chacon-Jerotz and Jarrod Jerotz. (Id. at 2.) However, Plaintiff fails to identify what information, allegedly possessed by witnesses Chacon-Jerotz and Jerotz, Plaintiff was able to discover through the deposition of Defendant's corporate representative that she could not reasonably discover earlier. In fact, Plaintiff herself disclosed witnesses Chacon-Jerotz and Jerotz as persons likely to have discoverable information in her Initial Disclosures on May 2, 2011.

1     Further, Plaintiff's inability to depose witnesses Chacon-Jerotz and Jerotz prior to the current discovery cut-off date is of her own making. Plaintiff initially noticed depositions of these witnesses for September 7, 2012, but re-noticed them for September 14 because of defense counsel's unavailability. (Id. at 3.) On September 10, 2012, Plaintiff made a settlement offer to Defendant. (Id.) When Defendant's counsel did not respond by the morning of September 13, 2012, Plaintiff offered to postpone the depositions to preserve costs to both parties. (Id.) Defendant then responded, which caused Plaintiff to make another settlement offer on September 13, 2012. (Id.) When Defendant did not respond to her second settlement offer, Plaintiff unilaterally cancelled the depositions of Chacon-Jerotz and Jerotz and re-noticed them for September 28, 2012 (the last day of the discovery period), when defense counsel was unavailable. (Id.) On September 24, 2012, Defendant filed a Motion to Quash Plaintiff's Notices of Depositions, which the Magistrate Judge granted on September 26, 2012. (ECF No. 51.) The Magistrate Judge has concluded, and this Court agrees, that Plaintiff was not diligent "in cancelling depositions where there was an impending discovery cutoff, and no clear indication of imminent, potential settlement." (Id. at 3.) Plaintiff should have reasonably foreseen that unilaterally cancelling the depositions could lead to her inability to depose witnesses Chacon-Jerotz and Jerotz prior to the discovery cut-off date established in the PTSO.

    Based on the foregoing, the Court concludes that Plaintiff has failed to demonstrate good cause for the requested PTSO modification. Accordingly, the Court DENIES Plaintiff's Motion to Modify the Pretrial Scheduling Order.

    IT IS SO ORDERED.

Dated: November 6, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE